# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# GALVESTON DIVISION

| | |
|---|---|
| ERIC DOTSON CERTENBERG, *et al.*, § § § Plaintiffs. § § V. § § TERRACES SYNDICATE LLC, *et al.*, § § § Defendants. § | CIVIL ACTION NO. 3:25-cv-00102 |

## MEMORANDUM AND RECOMMENDATION

All pretrial matters in this removed eviction case have been referred to me. *See* Dkt. 10. Before anything else happens in this case, the court must be assured that it possesses subject matter jurisdiction. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative."). "Therefore, even though no motion to remand has been filed, the Court may consider whether it has subject matter jurisdiction over an eviction proceeding removed to federal court." *ONM Living LLC v. Johnson*, No. 4:23-cv-00045, 2023 WL 4035410, at *2 (E.D. Tex. May 24, 2023). For the reasons explained below, I find that this court does not possess subject matter jurisdiction.

On April 1, 2025, Eric Certenberg and Diedra Franklin removed *Terraces at 2602 v. Franklin*, No. 25-EV01-0233 (Mar. 13, 2025), from the Justice Court, Precinct 1, Galveston County, Texas. *See* Dkt. 1 at 1. The underlying case is a simple eviction case against only Diedra Franklin. *See* Dkt. 1-1 at 1. Certenberg and Franklin claim that their

> removal is based on federal question jurisdiction under 28 U.S.C. § 1331, as the case involves substantial questions of federal law, including the enforcement of federal tax lien equivalent rights under 26 U.S.C. § 6321, federal collection mechanisms under 26 U.S.C.

§ 6331, and federal securities instruments subject to Securities and Exchange Commission jurisdiction.

Dkt. 1 at 1. This is simply untrue. The two-page Eviction Citation and attached two-page Petition reference only, in relevant part, the Texas Property Code.[1] *See* Dkt. 1-1 at 1–4.

As the Fifth Circuit Court of Appeals has explained in a factually and procedurally analogous case:

> A civil action filed in state court may be removed to a federal district court that has original jurisdiction founded on a claim arising under the Constitution or laws of the United States. 28 U.S.C. § 1441(b). However, a federal court has original or removal jurisdiction only "if the federal question appears on the face of the plaintiff's well-pleaded complaint and there is generally no federal jurisdiction if the plaintiff pleads only a state law cause of action." *MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir. 2002). It is not sufficient for the federal question to be raised in the answer or in the petition for removal. *Id.*
>
> The complaint filed in the state court was a simple suit to evict arising under state law. *See* TEX. PROP. CODE ANN. § 24.0051. The complaint provided no basis for federal question jurisdiction. The fact that Potts brought up possible federal question claims in her answer and counterclaim cannot be considered in determining the existence of removal jurisdiction. *MSOF Corp.*, 295 F.3d at 490. Therefore, the district court lacked jurisdiction to allow the removal of the action.

*Stump v. Potts*, 322 F. App'x 379, 380 (5th Cir. 2009). The same result is required here. *See SDB Dev. LP v. Barber*, No. 1:22-cv-361, 2023 WL 3919756, at *3 (E.D. Tex. May 15, 2023) ("As discussed, the Barbers cannot create federal question

---

[1] The Eviction Citation also references the Servicemembers Civil Relief Act ("SCRA"), a federal statute, but only to inform a tenant who is serving on active military duty of their special rights. There is no indication that Franklin is an active duty servicemember, so any reference to the SCRA is irrelevant. Even if Franklin were an active duty servicemember, "the SCRA does not necessarily provide a basis for removal because . . . 'an anticipated or actual federal defense generally does not qualify a case for removal.'" *U.S. Bank Tr., NA for LSF9 Master Participation Tr. v. Chae*, No. 1:17-cv-1171, 2017 WL 8217730, at *5 (N.D. Ga. Apr. 17, 2017) (quoting *Jefferson County v. Acker*, 527 U.S. 423, 430–31 (1999)) (collecting cases holding that the SCRA does not support removal jurisdiction of state court eviction proceedings and remanding to state court).

jurisdiction over the eviction proceeding by 'asserting' federal claims in a notice of removal; the federal claims must be asserted in the *original state court petition by the plaintiff*. Other federal courts in this district have remanded eviction proceedings, holding that they were improperly removed to federal court for the same reason."); *Villanueva Apartments v. Vasquez*, No. H-17-1822, 2017 WL 4676645, at *2 (S.D. Tex. July 24, 2017) (recommending remand because "[t]he eviction petition filed in state court did not raise any federal issue" and "the fact that Defendant raised a federal question in her notice of removal does not establish jurisdiction").

## CONCLUSION

For the reasons discussed above, I find that this court lacks removal jurisdiction. I recommend the court *sua sponte* remand this case to the Justice Court, Precinct 1, Galveston County, Texas.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.

SIGNED this 8th day of April 2025.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

3